Katherine J. Odenbreit (SBN 184619)
kodenbreit@mahoney-law.net
Edward E. Kim (SBN 183022)
ekim@mahoney-law.net
MAHONEY LAW GROUP, APC
249 E. Ocean Blvd., Suite 814
Long Beach, CA 90802
Telephone: (562)590-5550

Attorneys for Plaintiff JAMES NICHOLSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES NICHOLSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ACCUMAX HOLDING, INC., a California corporation; GLOBAL RESTAURANT GROUP, INC., a California corporation; THE OYSTER BAR #101, LLC, a California Limited Liability Company; THE OYSTER BAR #103, a California Limited Liability Company; LINH NGUYEN, an individual; JOHNNY NGUYEN, an individual; ROBERT PHAN, an individual; LANCE NGUYEN, an individual; JAY TRAN, an individual; JAMES RAN, an individual; DANNY WONG, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 8:18-cv-01001-DOC-DFM<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DISQUALIFICATION OF DEFENDANTS' COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        June 3, 2019<br>Time:       8:30a.m.<br>Courtroom: 9D<br>Court:       Ronald Reagan Federal Building<br>411 w. 4th. Street<br>Santa Ana, CA 92701 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 3, 2019 at 8:30 a.m., in Courtroom 9D, of the above-entitled Court, located at 411 West 4th Street, Santa Ana, CA 92701, or soon thereafter as the matter may be heard, Plaintiff JAMES NICHOLSON (hereinafter "Plaintiff"), following unsuccessful attempts by his undersigned counsel to meet and confer with Defendants' counsel pursuant to Local Rule 7.3, will and hereby does move this Court for an order disqualifying Robert Phan ("Phan") as counsel for Defendant entities ACCUMAX HOLDINGS, INC. ("ACCUMAX"), GLOBAL RESTAURANT GROUP, INC. ("GRG") and OYSTER BAR Nos. 101-103 (all LLCs, referred to hereinafter as "OBs") (collectively, "Defendants.")

This motion is made on the grounds that there is good cause to disqualify Phan as counsel for Defendants because Phan is currently involved as a named party in multiple, active litigation matters in being heard in Orange County Superior Court *against* entities and individuals named as defendants or substantially referenced in the operative Complaint for this present action. Plaintiff contends Phan purports to represent Defendants despite having demonstrable conflicts of interests with entities ACCUMAX, GRG, OBs and a principal of those entities, Johnny Nguyen, who previously served as Chief Executive Officer, President and a Director of ACCUMAX and/or GRG during the relevant time frame for this case.

Moreover, the operative Complaint in this action alleges that Johnny Nguyen, on behalf of, and as an agent of, Defendants, perpetrated the acts of illegal employment-related retaliation which are the basis for the wrongful termination and retaliation claims brought by Plaintiff, which places Phan in the untenable position of defending entities, and through them, an individual, against whom he is an adverse party. Plaintiff further contends there is no credible basis to believe Mr. Phan currently has the consent of the ACCUMAX, GRG and OBs principals who are averse to him, with respect to the representation in this case or whether such parties have knowledge of this action, as Phan is also the listed agent for service of process for both entities and all relevant service from

Plaintiff has gone to him.

Consequently, Phan is in violation of CA ST RPC Rule 1.7 which governs conflicts of interest relating to concurrent and successive representation of clients with whom an attorney has an adverse interest. The resulting ethical breach is so "manifest and glaring" that it triggers the Court's inherent obligation to manage the conduct of attorneys appearing before it and to ensure the fair administration of justice. *See e.g. Colyer v. Smith* (C.D. Cal. 1999) 50 F.Supp.2d 966, 971–972.

This motion is based upon this notice, the attached Memorandum of Points and Authorities, the Declaration of Edward Kim, and any matters of which this Court may take judicial notice, the pleadings and other files in this action, and such matters as may be presented at the hearing on this Motion to Disqualify.

Dated: April 23, 2019                    **MAHONEY LAW GROUP, APC**


By:   */s/Edward E. Kim*
      Katherine J. Odenbreit, Esq.
      Edward E. Kim, Esq.
      Attorneys for Plaintiff JAMES NICHOLSON

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff hereby submits this Memorandum of Points and Authorities in support of his Motion to Disqualify Defendants' Counsel.

## I.   RELEVANT FACTUAL BACKGROUND AND PROCEDURAL PREREQUISITES

Preliminarily, Plaintiff begs the Court's pardon because this factual recitation is, by necessity, longer than customarily received by the Court in motion practice due to the number of relevant documents, legal actions and number of parties involved therein. This is not a motion Plaintiff brings with a cavalier attitude; Plaintiff seeks to ensure the Court is aware of the relevant facts that led to this Motion.

### A. Relevant Facts

The initial complaint in this matter was filed on June 6, 2018 by Plaintiff's now deceased counsel, Gregory Petersen. The original complaint was not served on defendants. On September 7, 2018, current counsel filed a Notice of Appearance and filed the operative Complaint (Plaintiff's First Amended Complaint, or "FAC") in this action. The FAC named five corporate entities as defendants, including ACCUMAX and GRG. The Complaint alleges specific facts identifying an individual, Johnny Nguyen, as Plaintiff's manager and the person who initiated and committed the retaliatory acts, on behalf of the Defendant entities, which give rise to Plaintiff's claims for retaliation and wrongful termination. (See Complaint, paragraphs 18-20, 23-24 and 26.) On October 4, 2018, all entity defendants were served with the FAC through their listed Agent for Service of Process, Robert Phan. (*See* Docket Nos. 25-29).

Robert Phan, purportedly on behalf of all Defendants, filed the Answer on **October 30, 2018.** Prior to the filing of the FAC in this case, ACCUMAX, GRG, OBs and the individuals Johnny Nguyen and Jay Tran, filed suit on **February 24, 2017** against Phan for fraud, breach of fiduciary duty and related causes of action concerning the management and operation of ACCUMAX and GRG. (See Complaint, attached as Exhibit A to the Declaration of Edward Kim, filed concurrently herewith.) This action is currently pending before the Orange County Superior Court, Case No. 30-2017-

00905235-CU-FR-CJC.  Therefore, at the time Defendants' Answer was filed in this case, Phan's interests were already substantially and demonstrably averse to the Defendant entities and Johnny Nguyen.

Thereafter, Phan and other defendants in the Orange County action cross-complained against the plaintiffs in that case.  (See Kim Decl., at Exhibit B.)  Perhaps no illustration serves better to demonstrate the inherent conflict of interest between Phan and Johnny Nguyen, Jay Tran and the opposing element of the Defendant entities than Phan's introduction in the Cross-Complaint:

> "This case is about daylight robbery committed by Cross-Defendants, jay Tran and Johnny Nguyen.  Through outright deceit, lies, and fraud, these individuals have embezzled funds and taken great lengths to conceal their wrongdoing until their scheme was discovered." (Kim Decl., Exhibit B at 2:16-22)

Phan now purports to represent these same individuals who he has charged with "daylight robbery" and embezzlement.

Plaintiff's complaint identifies Johnny Nguyen as having managerial authority over Plaintiff.  Johnny Nguyen, throughout the relevant time frame for this action, was Chief Executive Officer, President, Director and principal of ACCUMAX and GRG, as evidenced by the following:

- A copy of a Corporate Questionnaire submitted to the California Department of Alcohol Beverage Control dated July 12, 2016, produced by Defendants in response to Plaintiff's Request for Production of Documents, lists Johnny Nguyen as having forty percent of shares of ACCUMAX; (See Kim Decl., Exhibit C.);
- A copy of Board of Directors Minutes dated June 28, 2016, produced by Defendants, confirming Johnny Nguyen's ownership of shares and installation as President and CEO of ACCUMAX; (See Kim Decl., Exhibit D)

- A copy of Shareholder Meeting Minutes dated December 12, 2016, produced by Defendants, recording the removal of Johnny Nguyen as CEO and President of ACCUMAX; (See Kim Decl., Exhibit E) (Note: Plaintiff was terminated in September 2016);
- A copy of a Memorandum of Understanding dated April 4, 2016, produced by Defendants, setting forth the responsibilities and obligations of Johnny Nguyen and Jay Tran in exchange for fifteen percent GRG shares, respectively; (See Kim Decl., Exhibit F);
- Copies of the Secretary of State's Statement of Information for GRG, dated November 10, 2016, and for ACCUMAX dated March 29, 2016, produced by Defendants, listing Johnny Nguyen as CEO and Chief Financial Officer of GRG, as well as Johnny Nguyen as CEO of ACCUMAX and Jay Tran as its Secretary; (See Kim Decl., Exhibit G);
- A copy of a Shareholder Notice of Meeting dated December 8 2016, produced by Defendants, for the dissolution and wind-up of GRG, which has a service list including Johnny Nguyen and Jay Tran; (See Kim Decl., Exhibit H)

Pursuant to the Court's ADR order, counsel for the respective Parties met, conferred and thereon agreed to mediation with Glenn Gottlieb from the ADR panel on April 3, 2019; throughout these discussions, Phan emphasized that the Defendant entities were insolvent, a position which was and is problematic in light of Plaintiff learning Johnny Nguyen, and Jay Tran, on behalf of themselves and the Defendant entities, had previously brought suit against Phan and other defendants, alleging the latter have misappropriated at least $70,000.00 from the Defendant entities. (See Kim Declaration at paragraph 10.)

Upon learning of the other litigation matter wherein Phan was averse to the

Defendant entities, Johnny Nguyen and Jay Tran, undersigned Plaintiff's counsel attempted to reach the attorney for those adverse parties, Michael Martinez of Michael Martinez Law, LLP, via both telephone message and email on April 4, 2019 and April 8, 2019 but did not receive a response. (See Kim Declaration at paragraph 11.) Moreover, Plaintiff's counsel has had no communications with any adverse party or their respective representatives except for Phan. (See Kim Declaration at paragraph 12.) Also, as service upon the Defendant parties was effectuated only through service upon Phan, Plaintiff's counsel has not been in written communication with the Defendant entities (other than the messages and emails to counsel referenced above.) (See Kim Declaration at paragraph 13.)

Accordingly, as of the filing of this Motion, Plaintiff has been unable to ascertain if Phan has received written consent of the Defendant entities, Johnny Nguyen or Jay Tran to represent them in the present action. (See Kim Declaration at paragraph 14.)

The tangle of conflicting interests plaguing Phan is further exacerbated by the fact that Phan's co-defendant in the other ACCUMAX action, Linh Nguyen, is presently a defendant in an action brought by Phan, filed on August 3, 2017 and currently being heard in Orange County Superior Court, Case No. 30-2018-01024235-CU-CO-CJC. See Kim Decl., Exhibit H. Linh Nguyen was also a shareholder of ACCUMAX during the relevant time period. (See Kim Decl., Exhibit I.)

So evident is the conflict of interest, although the Parties had agreed to mediate with Glenn Gottlieb on April 3, 2019, in compliance with the Court's ADR order, Plaintiff was subsequently forced to withdraw from the mediation because of doubts that Phan was authorized to represent Defendants or that any resulting agreement could be legally binding given the question of Phan's authority. (See Kim Declaration at paragraph 16.)

### B. Procedural Prerequisites

Pursuant to Local Rule 7-3, Plaintiff's counsel undertook the following meet and confer efforts prior to the filing of Motion:

- Plaintiff first raised Phan's conflict of interest in an email

dated March 13, 2019 also addressing Defendants' delinquent written discovery responses; Phan responded that same day but solely as to delinquent discovery responses owed by Defendants and failed to address the conflict of interest (See Kim Decl., Exhibit J.);

- Phan failed to be available for a pre-scheduled call between Parties' counsel on March 20, 2019 (See Kim Declaration at paragraph 18);

- Plaintiff's counsel sent to Phan a detailed email on March 27, 2019 referencing the other litigation matters, citing the violations of the Rules of Professional Conduct and requesting Phan provide dates and times for a telephonic conference; Phan responded the following day, denying a conflict existed and expressed a willingness to discuss further but failed to provide dates and times as requested (See Kim Decl., Exhibit K);

- Plaintiff's counsel followed up yet again on April 1, 2019, requesting a telephone conference on either April 2, 2019 or April 3, 2019 (the date previously agreed upon for mediation) but did not receive a response from Phan (See Kim Decl., Exhibit L.)

As shown above, Plaintiff has made extensive, albeit unsuccessful, efforts to meet and confer regarding the subject matter of Motion but Phan's failure to substantively respond, and Plaintiff's inability to move forward any further in this case without resolution of the conflict issue, necessitates this Motion.

## II.   LEGAL ARGUMENT

Disqualification motions in federal court are decided upon the relevant state law. *See e.g. In re County of Los Angeles* (9th Cir. 2000) 223 F.3d 990, 995; *Beltran v. Avon Products, Inc.* (C.D. Cal. 2012) 867 F.Supp.2d 1068, 1076; *Advanced Messaging*

*Technologies, Inc. v. EasyLink Services Intern. Corp.* (C.D. Cal. 2012) 913 F.Supp.2d 900, 906. With that stated, applicable California law strongly supports disqualification in this present case.

### A. The Rules of Professional Conduct Bars Concurrent or Successive Representation of Clients with Interests Averse to the Attorney's.

CA ST RPC Rule 1.7 states in the relevant part,

> (b) A lawyer shall not, *without informed written consent* from each affected client ... represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client, a former client or a third person, or by the lawyer's own interests; (Emphasis added.)

In the present case, Robert Phan, purports to represent Defendants ACCUMAX and GRG. However, Phan is a named defendant, along with the element of the ACCUMAX and GRG entities he undisputedly represents, in another pending action brought by individuals who constitute over forty and thirty percent ownership, respectively, of ACCUMAX and GRG in their individual capacities, and derivatively in their capacities as former officers and directors of the corporation(s) involving claims questioning Phan's conduct as an officer of the entities and accusing Phan of improperly using funds from the entity defendants he purports to represent in this action. Further, the actions directly contest Phan's ability to act on behalf of the defendants in this case in any capacity. While Phan claims he represents who he claims are the "owners" of the corporate defendants, Plaintiff has no assurance this is or will remain so given this issue is directly involved in the other litigation. It is patently clear that Phan's ability to represent both of the warring sides of corporate entities is "materially limited" where his loyalties are divided between his purported clients on one side of the divided corporations and himself on the other.

Additionally, Phan's role as defense counsel in this action will require him to

6

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DISQUALIFICATION OF DEFENDANTS' COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

defend the interests and alleged actions of Johnny Nguyen, who Plaintiff has identified as committing the retaliatory acts giving rise to a number of his claims. Phan's ability to offer such a defense is wholly compromised by his adverse relationship to Johnny Nguyen in the other pending action, which may potentially color any determination by Phan, of the use of defenses offered that favor the corporations at the expense or detriment of Johnny Nguyen.

Furthermore, it is highly questionable whether a conflict of interest so deep and comprehensive as the one in this case can reasonably be resolved through consent, but there is certainty that without informed, written consent from Johnny Nguyen and Jay Tran, in both their individual and derivative capacities, disqualification is warranted. Phan has failed to offer such consent in the limited meet and confer response he has provided, and Plaintiff is unaware of any other basis for concluding such consent was obtained.

### B. Disqualification Is A Proper Exercise of the Court's Judicial and Ministerial Powers.

"A trial court's authority to disqualify an attorney derives from the power inherent in every court '[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.'" *In re Charlisse C.* (2008) 45 Cal.4th 145, 159–161, *quoting* Code Civ. Proc., § 128,(a)(5); *City and County of San Francisco v. Cobra Solutions, Inc.* (2006) 38 Cal.4th 839, 846.

Consistent with this principle, automatic or "per se" disqualification for simultaneous representation of current clients with adverse interests (and no informed written consent) is the rule "in all but a few instances." (*Flatt v. Superior Court* (1994) 9 Cal.4th 275, 284—primary value at stake is attorney's duty and client's legitimate expectation of loyalty; *M'Guinness v. Johnson* (2015) 243 Cal.App.4th 602, 608—although a "drastic measure," disqualification is not "generally disfavored" in the instance of conflicted concurrent representation.)

The Court's paramount concern must be the preservation of public trust in the

scrupulous administration of justice and the integrity of the bar. (*City and County of San Francisco*, *supra*, 38 Cal.4th at p. 846.) Therefore, the client's right to be represented by counsel of choice must yield to considerations of ethics that affect the integrity of the judicial process. [*Comden v. Superior Court* (1978) 20 Cal.3d 906, 915; *Collins v. State of California* (2004) 121 Cal.App.4th 1112, 1124; *Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1204.]

Generally, only the current or former client will have a personal stake in a conflict of interest dispute, such that standing to bring a disqualification motion in federal court based on a conflict of interest ordinarily is limited to clients or former clients; however, A nonclient has standing to bring a disqualification motion in federal court based on a third-party conflict of interest if he or she can establish (i) a personal stake in the motion sufficient to satisfy the "irreducible constitutional minimum" standard for Article III standing or (ii) that the alleged ethical breach is so "manifest and glaring" that it triggers the court's inherent obligation to manage the conduct of attorneys appearing before it and to ensure the fair administration of justice. *Colyer*, *supra*, 50 F.Supp.2d at p. 971–972.

On the micro level, Phan's irredeemable conflict of interest throws into question whether any result obtained in this case under Phan's representation of Defendants is legally binding or enforceable since there is no basis for confidence that Phan is authorized to act on behalf of the Defendants – in this situation, Plaintiff is imminently in danger of "an injury in fact."

On the macro level, the public policy considerations expressed in the above authorities mandates disqualification in this present matter. To allow continued representation by an attorney of parties with whom he has immediate and adverse conflicts of interests, and without their knowledge or informed, written consent, utterly flies in the face of duties of loyalty and earnest representation demanded of all attorneys. As previously stated, any result produced in this case under Phan's representation of Defendants may be legally invalid and unenforceable. To allow such a result mars the public confidence in the adversarial system and the fair administration of justice.

8

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DISQUALIFICATION OF DEFENDANTS' COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### C. Necessary Relief

Throughout the pendency of this action, Defendants have been solely represented by Phan. Consequently, given the irreconcilable conflict of interest afflicting Phan, Plaintiff must regrettably conclude any actions taken by Phan on behalf of Defendants were invalid due to the reasons set forth above in this Motion, not least of which is the lack of Defendants' informed, written consent to Phan's representation. Accordingly, Plaintiff requests the Court grant the following relief:

- Order disqualifying Phan as counsel of record for Defendants;
- Order striking of Defendants' Answer;
- Order staying this action for sixty days to (1) permit Plaintiff the opportunity to serve the principals and/or officers (other than Phan) of Defendant entities directly and (2) allow Defendant entities to obtain valid legal representation;
- Order scheduling a further status conference following the requested stay.

### III. CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests the Court grant Plaintiff's Motion to Disqualify Robert Phan as counsel for Defendants in this action.

Dated: April 23, 2019                **MAHONEY LAW GROUP, APC**

By:   /s/Edward E. Kim
      Katherine J. Odenbreit, Esq.
      Edward E. Kim, Esq.
      Attorneys for Plaintiff JAMES NICHOLSON

9

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DISQUALIFICATION OF DEFENDANTS' COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF